UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRUCTURE TONE, LLC,

                    Plaintiff,

-v-                                  23-CV-5015 (JPO)

THE CHARTER OAK FIRE                    MEMORANDUM
INSURANCE COMPANY; and               AND ORDER
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                    Defendants.

J. PAUL OETKEN, District Judge:

       This is an insurance coverage action brought by Structure Tone, LLC, against the Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers") (collectively "Defendants"). Structure Tone seeks a declaratory judgment that Charter Oak and Travelers are required to indemnify Structure Tone in connection with an underlying tort action, *Jaroslaw Pawlicki v. 200 Park, L.P.*, which is pending in New York Supreme Court, New York County, under Index Number 155864/2016 (the "Underlying Action"). Defendants properly removed this action from state court to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* ECF No. 1.)

       Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is denied without prejudice to renewal.

I

       In resolving a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera*

*Inc.*, 741 F. 3d 365, 368 (2d Cir. 2014)). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

II

Consistent with the above standard, the Court assumes the truth of the allegations in the complaint and the documents incorporated therein.

Structure Tone filed the complaint in New York Supreme Court, New York County, on May 10, 2023. (ECF No. 1-1.) The complaint was removed to this Court on June 14, 2023. (ECF No. 1.) The complaint seeks declaratory relief regarding Defendants' duties of indemnification with respect to the Underlying Action. The Underlying Action, which was filed in 2016, seeks damages on behalf of Jaroslaw Pawlicki for injuries he allegedly suffered while doing work for a subcontractor of Four Daughters, LLC, which in turn had been hired by Structure Tone to perform work at 200 Park Avenue in Manhattan. Four Daughters was insured by Charter Oak and had an excess policy issued by Travelers. In the instant case, Structure Tone contends that the Charter Oak and Travelers policies provide "additional insured" coverage and seeks "a declaration as to the amount of coverage available." (ECF No. 1-1 at 10, ¶¶ 33, 44.)

In moving to dismiss, Defendants argue that this action is "premature" and that Structure Tone is seeking an "advisory opinion" with respect to Defendants' indemnification duties in the Underlying Action because liability in that matter has not been determined. (ECF No. 6 at 2.)

As Defendants point out, Charter Oak has provided a defense to Structure Tone in the Underlying Action, and thus it is only Defendants' duty to *indemnify*, not their duty to *defend*, that is at issue. Defendants contend that "an action to declare the insurer's duty to indemnify is premature and does not lie where the issues of indemnification and coverage hinge on facts which will necessarily be decided in an underlying lawsuit." (*Id.*) Structure Tone disagrees, arguing that this action is ripe because "there is a practical likelihood that Travelers will be obligated to indemnify Structure Tone" in the future. (ECF No. 17 at 7.)

Earlier this year, the Second Circuit clarified the law in this area. In *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85 (2d Cir. 2023), the court considered when a federal court may properly issue a declaratory judgment regarding an insurer's coverage obligations with respect to contingent liabilities.

As an initial matter, the court made clear that this issue implicates subject matter jurisdiction, because a sufficiently ripe dispute is necessary to satisfy Article III's "actual case or controversy" requirement. *See id.* at 91-92. Thus, while Defendants brought this motion under Rule 12(b)(6), they could have invoked Rule 12(b)(1). However, the fact that "the liability may be contingent does not necessarily defeat jurisdiction of a declaratory[-]judgment action." *Id.* at 92 (citation omitted). In the context of insurance coverage disputes, "courts should focus on the *practical likelihood* that the [relevant] contingencies will occur." *Id*. (citation omitted). With respect to the duty to defend, that means the practical likelihood that a third party will commence litigation against the insured; with respect to the duty to indemnify, that means the practical likelihood that the third party will prevail in such litigation. *Id.* at 93.

Applying the "practical likelihood" standard, the Court concludes that that standard has been met here. As Judge Failla explained in *Travelers Property Cas. Co. of Am. v. Harleysville*

*Worcester Ins. Co.*, No. 22-CV-2171 (KPF), __ F. Supp. 3d __, 2023 WL 4896169, at *17 (S.D.N.Y. Aug. 1, 2023), Defendants are incorrect in arguing that a declaratory judgment action cannot be ripe before liability has been established in the underlying action. As in that case, here too "the factual circumstances show a practical likelihood that a liability finding against [Structure Tone] will be entered in the Underlying Action." *Id.*

In the Underlying Action, which has been pending since 2016, the trial court denied summary judgment in 2020, concluding, among other things, that "Structure Tone has not yet established it is free of negligence." *Pawlicki v. 200 Park, L.P.,* 2020 WL 4287416, at *25 (July 27, 2020). In 2021, the First Department affirmed in relevant part, stating that "issues of fact exist as to whether negligence on the part of the Structure Tone defendants was the sole proximate cause of plaintiff's accident." *Pawlicki v. 200 Park, L.P.*, 157 N.Y.S.3d 427, 429 (1st Dep't 2021). And the trial court's public docket appears to indicate that the Underlying Action was ready for trial in November 2023.

Because the Court concludes that there is a practical likelihood of liability, this action is ripe and this Court has subject matter jurisdiction.

But that does not end the matter. Even if a court finds the "practical likelihood" standard to be met, the Second Circuit has made clear that a district court may nevertheless decline to exercise its jurisdiction under the Declaratory Judgment Act. *Admiral Ins.*, 57 F.4th at 96; *see also Travelers Property*, 2023 WL 4896169, at *18 (finding insurance coverage dispute ripe but declining to exercise jurisdiction). In exercising its "broad discretion" as to whether to decline to exercise jurisdiction, the district court is to be informed by the following considerations:

> (1) whether the [declaratory] judgment [sought] will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether [such] a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata;

(4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy . . . ; and (6) whether concerns for "judicial efficiency" and "judicial economy" favor declining to exercise jurisdiction . . . .

*Admiral Ins.*, 57 F.4th at 99-100 (citations omitted).

While the Court is satisfied that this action is ripe and that it has subject matter jurisdiction—and therefore denies the motion to dismiss, which was based on lack of ripeness—the Court is not prepared to evaluate the above factors because the parties have not briefed these issues. Among other things, additional information about the status of the Underlying Action would be necessary to determine whether it would be appropriate for this Court to exercise jurisdiction in this case.

### III

For the foregoing reasons, Defendants' motion to dismiss is DENIED. That denial is without prejudice to an appropriate motion addressing whether this Court should decline to exercise jurisdiction.

The parties are directed to file, on or before January 12, 2024, a joint letter addressing (1) the status of the Underlying Action, and (2) a proposed briefing schedule on the six factors set forth above from *Admiral Insurance*.

The Clerk of Court is directed to close the motion at ECF No. 5.

SO ORDERED.

Dated: December 21, 2023
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge